Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH MCDANIELS, CHARLES MOMAH, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID SHERMAN,<br><br>    Defendant. | C09-1296-JCC<br><br>**ORDER** |

This matter comes before the Court upon the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 61). In addition to the report and recommendation, the Court has also considered the objections of Plaintiff Joseph McDaniels (Dkt. No. 63), the response of Defendant David Sherman to those objections (Dkt. No. 65), and the objections of Plaintiff Charles Momah. (Dkt. No. 66). Finally, the Court has also considered the balance of the relevant record, including the complaint. (Dkt. No. 13). Having therefore reviewed the record and concluded that oral argument is unnecessary, the Court hereby ADOPTS the report and recommendation. The Court therefore DISMISSES this matter without prejudice.

ORDER, C09-1296-JCC
Page 1

## I. BACKGROUND

This case sounds in allegations of religious discrimination. Plaintiffs are prisoners at the Twin River Corrections Center in Washington State, and Defendant David Sherman is the prison chaplain. Plaintiffs are members of the Nation of Islam, and they allege that Defendant wrongfully denied them access to certain religious meals to which they were entitled. (Complaint (Dkt. No. 13)). Plaintiffs allege that Defendant thereby violated their statutory rights under the Religious Land Use and Institutionalized Persons Act of 2000, *codified in relevant part at* 42 U.S.C. § 2000cc, *et seq.*

Defendant acknowledges that he denied Plaintiffs access to the certain religious meals. According to Defendant, he was right to do so. Defendant argues that he rightfully denied Plaintiffs access to the religious meals because Plaintiffs failed to comply with prison regulations that govern religious activities. Specifically, Defendant argues that Plaintiffs had failed to participate in Nation of Islam religious activities and that they failed to sign up for the meals in a timely manner.

## II. RELEVANT LAW

The Religious Land Use and Institutionalized Persons Act provides in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1).

In order to state a *prima facie* case under the Act, a prisoner-plaintiff must demonstrate that a prison regulation represents a "substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). If the prisoner-plaintiff successfully establishes his *prima facie* case, a burden shift occurs, and the defendant-prison then bears the burden of establishing that the challenged regulation is "in furtherance of a compelling governmental interest," and the "least restrictive means of furthering that compelling governmental interest." *Id.* at 995.

### A. Administrative Review

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [the Civil Rights Act], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Religious Land Use and Institutionalized Persons Act expressly embraces this exhaustion requirement. *See* 42 U.S.C. § 2000cc-2(e).

### III. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); Summary judgment is therefore proper when a defendant establishes that a plaintiff cannot meet his burden of proof on an essential element of his claim. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

### A. Report and Recommendation

This Court is authorized to designate certain matters to United States magistrate judges for report and recommendation. If any party objects to the magistrate judge's report and recommendation, this Court conducts a *de novo* review of those legal and factual issues raised in the objections. As the Judiciary Act states in part: "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 626(b)(1). The Act continues: "A judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole in or part, the findings or recommendations made by the magistrate judge." *Id.*

**IV.  DISCUSSION**

Magistrate Judge Theiler recommended that this Court dismiss all of Plaintiffs' claims for at least two separate reasons: first, failure to exhaust administrative remedies; and second, failure to state a claim upon which relief can be granted. (Report (Dkt. No. 61)). Plaintiffs object to both proposed grounds of dismissal. (Objections (Dkt. No. 63 & 66)). Plaintiffs are wrong.

In their very complaint, Plaintiffs themselves allege that "the grievance process is not complete[.]" (Complaint 2 (Dkt. No. 13). Plaintiffs never thereafter amended their complaint or submitted evidence tending to establish that they had exhausted their available administrative remedies. Because the Prison Litigation Reform Act expressly requires that Plaintiffs exhaust whatever "administrative remedies as are available," 42 U.S.C. § 1997e(a), and because Plaintiffs themselves concede that they have failed to do so, dismissal is proper.

Dismissal is also proper because Plaintiffs have failed to establish that Defendant David Sherman "substantially burdened" the free exercise of their religious beliefs. Defendant required that all prisoners wishing to participate in religious meals sign up in advance. Defendant posted a sign-up sheet where all prisoners, including Plaintiffs, could see it and avail themselves of the opportunity to sign up. (Report 9–12 (Dkt. No. 61)).  Plaintiffs failed to sign up in a timely manner, and were therefore denied access to the meal. Defendant's requirement that prisoners sign up in advance for religious meals is entirely reasonable, in large part because it allows prison officials to prepare the appropriate number of meals. Because Plaintiffs cannot establish that Defendant's reasonable requirement represents a "substantial burden" of their religious exercise, *see* 42 U.S.C. 2000cc(a)(1), dismissal is proper.

**V.  CONCLUSION**

For the aforementioned reasons, the Court hereby ADOPTS the report and recommendation. (Dkt. No. 61). The Court therefore DISMISSES this matter without prejudice.

//

1  //

3  SO ORDERED this 21st day of January, 2011.

[signature]

JOHN C. COUGHENOUR
United States District Judge

26  ORDER, C09-1296-JCC
Page 5